DESERT PLAZA APTS., INC., a NEVADA CORPORATION, APPELLANT, v. JACK FREEMAN, DOING BUSINESS AS JACK FREEMAN FLOOR COVERINGS, RESPONDENT.

No. 4125

March 16, 1959                           336 P.2d 771

*Cornwall and Sullivan,* of Las Vegas, for Appellant.

*Goldwater and Singleton,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

In the court below respondent brought action against appellant to foreclose a lien for carpeting. Appellant denied the material allegations of the complaint and prayed that plaintiff take nothing and that defendant have its costs of suit, with a reasonable attorney's fee. Pretrial conferences were had at which appellant contended that the carpeting had been furnished by respondent to one Fish, who thereafter sold it to defendant and received payment in full. Respondent thereafter moved for a dismissal of his action under NRCP Rule 41 (a) (2), and defendant moved for "a directed verdict." No jury had been called and there had been no trial of the issues before the court. The defendant had filed no counterclaim. The court granted plaintiff's motion to dismiss,

denied defendant's motion and in its final order recited: "* * * and having awarded to the attorneys for the defendant Desert Plaza Apts., Inc. the sum of $100.00 as and for attorney fees, and the sum of [$8.40 costs], and counsel for defendant * * * having stated to the court that he would rather not have any attorney fees than the sum of only $100.00 * * * and, in the opinion of the court thereby having waived his right to counsel fees, the court deleted that portion of the Order pertaining to attorney fees * * *." .

Thereafter defendant filed a satisfaction of judgment, acknowledging receipt of $8.40 in full satisfaction, and authorized and directed the clerk "to enter satisfaction of record of said judgment."

In assigning error in this order, it appears to be appellant's contention that as plaintiff had commenced an action in which he could not prevail and had subjected defendant's property to the burden of a lien, he should have been penalized by the exaction of a greater attorney fee. No damage was asserted by the defendant growing out of the subjection of his property to a lien for a period of months. The lien claim was for less than $1,500. The record shows that the court was fully apprised of the nature and extent of the services of defendant's attorneys, and the allowance of fees lay in its sound discretion, of which we can find no abuse. The waiver of the attorney fee and the satisfaction of judgment followed. As there was no error in granting plaintiff's motion, there was likewise no error in denying defendant's motion.

Affirmed with costs.